# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

ARNOLD MARSH        §
                                §

V.                                   §          CASE NO. 4:13CV312

                                §

COMMISSIONER OF           §

SOCIAL SECURITY ADMINISTRATION    §

## MEMORANDUM OPINION OF
## UNITED STATES MAGISTRATE JUDGE

Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **REMANDED.**

### HISTORY OF THE CASE

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act on March 1, 2011, claiming entitlement to disability benefits due to a herniated disc with right radiculopathy. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) Ralph F. Shilling in McKinney, Texas on April 10, 2012. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff and the ALJ's vocational expert, Talesia Beasley, testified.

On June 11, 2012, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on April 12, 2013. Therefore, the June 11, 2012 decision of the ALJ became the final decision of the Commissioner for purposes

of judicial review under 42 U.S.C. § 405(g).  *See* 20 C.F.R. § 404.981 (2005).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation.  The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.

2. The claimant has not engaged in substantial gainful activity since June 7, 2010, the alleged onset of disability.  20 C.F.R. § 404.1571 *et seq*.

3. The claimant has the following severe impairments: lumbar disc disease and hypertension.  20 C.F.R. § 404.1520(c).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526.

5. The residual functional capacity produced by the medically determinable impairments permits the lifting of 10 pounds occasionally, and to frequently lift and/or carry less than 10 pounds, and to sit for 6 hours in an 8 hour workday and walk/stand for 2 hours in an 8 hour work day as defined by the regulations at 20 C.F.R. § 404.  The claimant cannot climb using ladders, ropes, or scaffolds; and cannot crawl or climb.  The claimant can occasionally stoop, bend, crouch, squat, kneel, and balance.  He cannot reach overhead.  He must avoid vibration, hazards, and machines.

6. The claimant is unable to perform any past relevant work.  20 C.F.R. § 404.1565.

7. The claimant was born on July 8, 1962 and was 47 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date.  20 C.F.R. § 404.1563.

8. The claimant has at least a high school education and is able to communicate in English.  20 C.F.R. § 404.1564.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework

supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills. *See* SSR 82-41 and 20 C.F.R. Part 404 Subpart P, Appendix 2.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. 20 C.F.R. §§ 404.1569, 404.1569(a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 7, 2010, through the date of this decision. 20 C.F.R. § 404.1520(g).

(TR 23-24).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fifth step.

## ANALYSIS

Plaintiff brings two points of error. First, Plaintiff contends that the ALJ essentially engaged in a selective review of the evidence and did not provide adequate support for his Step Three finding that Plaintiff did not meet a listing. Second, Plaintiff argues that the ALJ's rejection of Dr. Larkin's opinion was improper and requires remand.

Plaintiff argues that he meets the criteria for Listing 1.04(A). This listing requires a disorder of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture) resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. Evidence of nerve root compression is characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

The ALJ concluded that Plaintiff does not have a spinal impairment producing the above-described neurological deficits. Therefore, he does not meet Step Three. However, the record is clear that he has been diagnosed with a herniated nucleus pulposus, spinal stenosis, as well as

degenerative disc disease. Therefore, the question is whether the ALJ correctly arrived at this conclusion, given that there is evidence of nerve root compression. Several of Marsh's doctors have rendered opinions that his SLR was positive (TR 261, 287, 293,314); that he had stenosis (TR 288); compression of nerve root (TR 289); herniated disc (TR 232); severe radiculopathy (TR 232); limitation of motion and sensation decreased (TR 289, 319); lumbar radiculopathy (TR 298); right lumbar radicular syndrome with decreased range of motion (TR 304-305); limp, reflex changes, spasms and atrophy (TR 324); an MRI demonstrating lumbar disc disease, spondylosis, and a disc bulge compressing the L-3 nerve root (TR 328).

Plaintiff has presented a prima facie case that he meets the criteria of Listing 1.04(A). The Court finds that Plaintiff's rights were substantially affected by the ALJ's failure to provide an explanation for his determination at Step Three that Plaintiff failed to meet the requirements. Therefore, pursuant to *Audler v. Astrue*, 501 F.3d 446 (5th Cir. 2007), the Court orders that the case be remanded for the ALJ to consider the evidence of record and thoroughly discuss the same in his Step Three analysis. This does not mean that the Court believes that Plaintiff is entitled to an award, only that without a thorough discussion, the Court cannot determine whether there is substantial evidence to support the ALJ's conclusion.

Pursuant to the foregoing, the Court orders that the case be REMANDED for a more detailed analysis on the ground noted herein.

**SO ORDERED.**

**SIGNED this 19th day of March, 2015.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE